United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JORGE GEOVANNI MERCADO ROSALES,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

Case No. 1:26-cv-08581 (EJD)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 3

Petitioner Jorge Geovanni Mercado Rosales is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241 and motion for a temporary restraining order in which he seeks his immediate release from custody. *See* Dkt. Nos. 1, 3. He last entered the United States without inspection by immigration authorities in 2021. *See Rosales v. Chestnut*, No. 1:26-CV-05214 (EJD), 2026 WL 2654577, at *1 (E.D. Cal. Sept. 9, 2026). In June 2026, Petitioner was arrested on child abuse charges and transferred to ICE custody shortly thereafter. *Id.* All charges were dismissed, though he has remained detained. *Id.*

Petitioner previously filed a habeas petition arguing that due process required he be released from custody or provided a bond hearing pursuant to 8 U.S.C. § 1226(a). *See Rosales*, No. 1:26-CV-05214 (EJD), Dkt. No. 1. The Court granted the petition in part, finding that Petitioner's detention was controlled by 8 U.S.C. § 1226(a), and ordering that he receive a bond hearing pursuant to that statute. *Rosales*, 2026 WL 2654577, at *2. Petitioner received a bond hearing on October 2, 2026. *See* Dkt. No. 12-4 at 1. At that hearing, an immigration judge denied Petitioner's bond request, finding that he was a danger to the community in light of his recent arrest. *Id.* Following the bond hearing, Petitioner was ordered removed to Mexico by an

immigration judge. His deadline to appeal the removal order is December 3, 2026.

In this subsequent petition and TRO, Petitioner challenges the October 2, 2026 bond decision, arguing that the dangerousness finding was erroneous given that criminal charges against him had been dismissed. *See* Dkt. No. 1 at 7, 11. At various points, Petitioner also notes that he has been detained for more than four months. *Id*. at 12. Respondents oppose relief, arguing first that the petition should be denied under the abuse of the writ doctrine, and because Petitioner must exhaust his administrative remedies by appealing his bond denial to the Board of Immigration Appeals ("BIA") before seeking habeas relief. Dkt. No. 12 at 2–3. They further argue that Petitioner has not shown that his detention has become unconstitutionally prolonged. *Id*. at 3.

"Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (quoting *Calderon v. United States District Court*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc)). To the extent Petitioner brings a due process challenge to his initial arrest and detention, that claim was already considered in his first petition, and shall not be reconsidered here. However, Petitioner may raise a constitutional challenge to his continued detention under 8 U.S.C. § 1226(a). The first petition could not have raised such a claim given that a prolonged detention claim requires the passage of time. Similarly, he may also challenge the bond hearing he received as this hearing had not occurred at the time of his first petition.

With respect to Petitioner's claim challenging the bond decision, he must exhaust his administrative remedies before seeking habeas relief. *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Exhaustion may be required where (1) agency expertise is "necessary to generate a proper record and reach a proper decision"; (2) relaxing the exhaustion requirement would invite "deliberate bypass of the administrative scheme"; and (3) "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez*, 872 F.3d at 988. Here, these factors weigh in favor of exhaustion. First, the BIA is the subject-matter expert for appeals of bond decisions. Accordingly, BIA consideration of the IJ's decision is necessary to generate a proper record and reach a proper decision. Second,

permitting Petitioner to bypass the administrative scheme that governs appeals from bond and custody decisions by challenging this finding through habeas relief, *see* 8 C.F.R. § 1236.1(d), would likely encourage deliberate bypassing of this scheme. Third, BIA review of a bond and custody redetermination decision is likely to facilitate correction of any mistakes by the IJ and preclude the need for judicial review.

However, even where these factors point toward exhaustion, a court retains discretion to excuse the requirement when administrative remedies are inadequate or inefficacious, pursuit of those remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void. *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). Petitioner has not demonstrated that an appeal of his bond denial to the BIA would have been inadequate or unavailing. Nor has Petitioner shown that the BIA lacks the authority or the practical ability to review and, if warranted, correct the immigration judge's bond ruling.

Turning to Petitioner's claim that his detention has become unconstitutionally prolonged, the Court has already concluded that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). *See Rosales*, 2026 WL 2654577, at *1. Section 1226(a) authorizes the Government to detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Although 8 U.S.C. § 1226(a) does not include a limitation on the duration of detention, it cannot be indefinite and instead must be "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (citation modified). The lack of a certain end date for detention under 8 U.S.C. § 1226(a), without more, does not render a noncitizen's detention indefinite. *Id.* at 1063.

Here, other than stating that he has been detained for more than four months, Petitioner has not provided good reason to believe that his current detention has extended beyond a period reasonably necessary to bring about his removal. Indeed, Petitioner was ordered removed after receiving his bond decision and has until December 3, 2026 to appeal that decision. Thus, habeas relief is not currently warranted. *See Camilo A.M.L. v. Warden*, No. 1:26-CV-06174-MWJS, 2026

WL 2568530, at *1–2 (E.D. Cal. Aug. 31, 2026) (denying habeas relief to noncitizen who had been detained under 8 U.S.C. § 1226(a) for more than six months); *Z.Z. v. On Habeas Corpus*, No. 1:26-cv-05908-MWJS, 2026 WL 2234648, at *1 (E.D. Cal. Aug. 3, 2026) (same).

For the foregoing reasons, the TRO is DENIED and the petition is DISMISSED without prejudice. Any outstanding motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

**IT IS SO ORDERED.**

Dated: November 10, 2026

EDWARD J. DAVILA
United States District Judge